IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KETH HODGSON, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| TOWN OF COOLEEMEE, ) | 1:08CV449 |
| THE NATIONAL ASSOCIATION ) | |
| FOR THE ADVANCEMENT OF ) | |
| COLORED PEOPLE, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on a motion to dismiss by Defendant Town of Cooleemee ("the Town") (docket no. 6) and on a motion to dismiss by Defendant National Association for the Advancement of Colored People ("NAACP") (docket no. 10).[1] Pro so Plaintiff Keth Hodgson has responded in opposition to the Town's motion to dismiss. He has not responded to the NAACP's motion to dismiss, and the time to do so has passed. In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motions must be dealt with by way of recommendation. For the following reasons, it will be recommended that Defendants' motions be granted.

BACKGROUND AND ALLEGED FACTS

---

[1] Plaintiff initially filed the Complaint in this case in Davie County Superior Court on or about June 3, 2008. The Town removed the action to this court on July 2, 2008, based on federal question jurisdiction.

Plaintiff, a white male, brings this lawsuit against the Town and the NAACP as "joint and several" Defendants. Plaintiff's pro se Complaint is rambling and vague. Plaintiff complains generally that the Town is "racist" and discriminates against African-Americans. (*See* Compl. ¶¶ 4, 5, 6, 8, 9, 10, 11.) The Complaint contains very few factual allegations dealing specifically with Plaintiff and any Town officials or employees. Furthermore, Plaintiff acknowledges in the Complaint that he is not a resident of the Town. Rather, he states that he is a citizen of Davie County "living in the one mile police jurisdiction claimed by Cooleemee." (*Id.*, first unnumbered paragraph.)

In support of his claims, Plaintiff alleges in the Complaint that the Town is a racially segregated cotton mill town that was incorporated in 1985 in order "to control African Americans who were starting to move into white neighborhoods." (*Id.* ¶ 4.) Plaintiff alleges that the Cooleemee police department is a whites-only law enforcement organization that was "created to control 'colored people.'" (*Id.* ¶ 5.) Plaintiff alleges that he has been complaining to town officials for years about the Town's racism. (*Id.* ¶ 6.) As for his allegations against the NAACP, Plaintiff alleges that, as a member and as a non-member of the NAACP, he complained to the NAACP about the Town's racism, but that the NAACP took no action, despite promising to do so. (*Id.* ¶ 8.) Plaintiff alleges that the NAACP's failure to act "has empowered Cooleemee and made a difficult situation much worse for [Plaintiff]."

(*Id.*)  Plaintiff alleges that the NAACP refused to take action because Plaintiff is white.  (*Id.*)

Plaintiff alleges that the Town's alleged discriminatory practices "accumulated on May 19, 2008," when Plaintiff was arrested in Town Hall while attempting to obtain addresses of the Town's Board Members for the purpose of preparing subpoenas.  (*Id.* ¶ 6.)  Plaintiff does not state what he was arrested for or whether the charges were resolved in his favor.  (*See id.*)  Plaintiff refers to his arrest as an "intimidation arrest" that "violated [his] civil rights and First Amendment right to petition government and was a racially motivated conspiracy."  (*Id.*)  He does not allege that he was arrested without probable cause.  (*Id.*)

Plaintiff also alleges that the Town violated his rights as a disabled person, but he does not state what his disabilities are or how his rights have been violated. (*See id.* ¶ 7.)  Plaintiff alleges only that, when he was arrested, he was "forced into the back of a patrol car from which it took a long, difficult, and painful time to get me out."  (*Id.*)  Plaintiff also alleges, generally, that the Town has turned down two proposals for assisted living homes.  (*Id.* ¶ 10.)  He alleges that the Town did this "because their [sic] would be African-Americans on the Board of Directors."  (*Id.*)  Plaintiff asserts that this conduct violated his rights as a disabled person under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the North

Carolina Persons with Disabilities Protection Act ("NCPDPA"), *see* N.C. GEN. STAT. § 168A *et seq.* (1987).[2]

Finally, Plaintiff also appears to be bringing a claim of racial discrimination based on racial gerrymandering. Plaintiff alleges that the Town's corporate boundaries are not what "House Bill 683, April 17, 1985" established. (*Id.* ¶ 9.) He alleges that the Town's boundaries are supposed to include all of a particular dead-end street, but that some property on that street was not included in the corporate boundaries. (*Id.*) He alleges that only white-owned property on this street is included and that the African-Americans on this street have not been allowed to vote or run for office. (*Id.*) Plaintiff alleges that this is how the Town has "been able to maintain a white supremacy for twenty-three years." (*Id.*) Plaintiff does not allege that he lives or lived on the street to which he refers; indeed, as noted, his own allegations indicate that he does not live in the Town.

STANDARD OF REVIEW

Defendants have filed motions to dismiss under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(1) based on lack of standing. In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this

---

[2] Plaintiff refers to the North Carolina disability statute as the "North Carolina Handicap Persons Protection Act." (*See id.* ¶ 10.)

stage of the litigation, a plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted)

As for Defendants' motions to dismiss based on lack of standing, it is well settled that

> the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

-5-

*United States v. Hays*, 515 U.S. 737, 742-43 (1995) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (footnote, citations, and internal quotation marks omitted)). In light of these principles, the Supreme Court refuses to recognize a generalized grievance against allegedly illegal governmental action as sufficient for standing to invoke the federal judicial power. See *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). Finally, the party seeking the exercise of jurisdiction in his favor has the burden of clearly alleging facts showing that "he is a proper party to invoke judicial resolution of the dispute." *Hays*, 515 U.S. at 743 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

DISCUSSION

I. Motion to Dismiss by the NAACP

First, as to the motion to dismiss by the NAACP, Plaintiff's allegations against the NAACP are as follows:

> As a member and non-member I have complained to the NAACP about racism and Cooleemee government and police department. Saying it was the worst they had seen and promiseing [sic] to take action[.] The NAACP did nothing[.] Their failure to act has empowered Cooleemee and made a difficult situation much worse for me. I feel the non-action by the NAACP is because I am white and is racialy [sic] discriminating.

(Compl. ¶ 8.) All other allegations in the Complaint are against Defendant Town. Although he does not cite to any federal constitutional provisions with respect to his allegations against the NAACP in the Complaint, Plaintiff apparently is attempting to bring an action under 42 U.S.C. § 1983, asserting a violation of the Fourteenth

-6-

Amendment. In a civil rights action brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove (1) that the defendant deprived him of a right secured by the Constitution or laws of the United States and (2) that such deprivation was committed by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635 (1980). Here, Plaintiff wholly fails to allege any fact showing that Defendant NAACP, a private entity, was acting under color of state law. As Defendant notes, there is nothing to suggest that the NAACP was acting as a joint participant in the alleged "racist" activities of the Town. Therefore, Plaintiff has failed to state a Section 1983 claim against Defendant NAACP. For this reason alone, Defendant NAACP should be dismissed.

II.  Motion to Dismiss by the Town

Next, as to the motion to dismiss by the Town, the Town asserts that all claims against it should be dismissed on the following grounds: (1) Plaintiff lacks standing to assert the constitutional and other federal claims, including discrimination claims asserted against the Town, and (2) Plaintiff's complaint fails to state any valid claims against the Town. Plaintiff appears to assert that the Town violated his civil rights by engaging in discriminatory conduct, including racial gerrymandering, unlawfully arresting him, and refusing to allow assisted living facilities to operate in the Town. Plaintiff also asserts that a conspiracy existed, and he alleges that he has suffered severe emotional distress as a result of the Town's conduct. For the following

reasons, I find that, to the extent that Plaintiff purports to bring the above-cited claims, the claims fail for lack of standing, or for failure to state a claim.

A. Plaintiff's Claim of Racial Discrimination

First, I agree with the Town that Plaintiff's racial discrimination claims are nothing more than generalized grievances that are not sufficient to invoke standing. Plaintiff, who is white and does not live in the Town, does not allege an actual injury in fact suffered by him as a result of any alleged racial discrimination. Rather, Plaintiff alleges that the racial discrimination is directed towards African-Americans. (Compl. ¶¶ 4, 5.) Furthermore, while Plaintiff contends generally that he has suffered emotional distress as a result of the Town's "policy of racism and intimidation," emotional distress is not a concrete and particularized injury, as is required to bring such a claim. *See Smith v. Frye*, 488 F.3d 263, 273-74 (4th Cir. 2007) (holding that emotional distress suffered by a candidate for a circuit's clerk's position when his mother was allegedly fired as a magistrate court clerk in retaliation for plaintiff's candidacy was not sufficient to give plaintiff constitutional standing). Here, because Plaintiff is merely attempting to bring a complaint for a generalized grievance against alleged governmental conduct, he has not establishing standing, and his racial discrimination claim should therefore be dismissed.

B. Plaintiff's Claim for Racial Gerrymandering

Nor does Plaintiff have standing as to his purported claim for racial gerrymandering based on his allegations that African-Americans living on a certain

street in the Town are not allowed to vote. As with the racial discrimination claim, Plaintiff does not have standing to bring this claim because he is not African-American and does not live in the alleged impacted areas, or even in the Town of Cooleemee. Plaintiff also fails to allege that he has suffered any other type of particularized special harm required to establish standing. Again, Plaintiff presents nothing more than a generalized grievance against alleged governmental conduct. I agree with the Town that because Plaintiff lacks the standing to bring such a claim, his claim based on the allegedly improper drawing of corporate boundaries should be dismissed as a matter of law.

C. Plaintiff's Claim for Violations of Americans with Disabilities Act and North Carolina Persons with Disabilities Protection Act

Furthermore, to the extent that Plaintiff purports to bring a claim against the Town alleging discriminatory conduct against disabled persons, including Plaintiff, this claim should be dismissed. In support of this claim, Plaintiff alleges that the Town turned down requests for assisted living facilities and that it did so because African-Americans would have been on the Board of Directors. Because Plaintiff fails to allege any particularized injury in fact associated with this claims, the claim should be dismissed based on lack of standing. For instance, Plaintiff does not allege that he has ever been confined to treatment in an assisted living facility, that he has a disability that requires such treatment, or that he has been denied such treatment. Plaintiff's criticism regarding the Towns' actions with respect to assisted

-9-

living is linked to his generalized accusation that the Town is "racist." Here, because Plaintiff has not alleged any connection between himself and the Town's alleged refusal to allow assisted living communities in the Town, Plaintiff does not have standing to bring such a claim, and Plaintiff's claim related to the Town's refusal to allow assisted living communities should therefore be dismissed.

As to Plaintiff's allegation that the Town somehow violated his rights based on a disability by placing him in the back seat of a patrol car after arresting him, this allegation is nowhere near sufficient to state a claim under the ADA or the NCPDPA. To state a claim for a violation of the ADA, a plaintiff must show that (1) he has a disability; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination solely on the basis of the disability. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999); *see also* 42 U.S.C. § 12132. To state a claim for a violation of the NCPDPA, Plaintiff must initially establish that he is a "person with a disability" whose rights are protected by the statute. The NCPDPA defines a "person with a disability" as one who "(1) has a physical or mental impairment which substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." N.C. GEN. STAT. § 168A-3(4) (1987).

Plaintiff alleges none of the required elements for either an ADA or a NCPDPA claim in the Complaint. Although he vaguely alleges that he has a disability, he does not state what his disability is and whether it would qualify as a disability under either

statute, nor does he state how placing him in the back of a car somehow constitutes discriminatory conduct under either statute. Therefore, Plaintiff has failed to state any facts sufficient to state a claim under either the ADA or the NCPDPA.

D. Plaintiff's Wrongful Arrest Claim against the Town

Next, to the extent that Plaintiff even purports to bring a claim for wrongful arrest, he fails to state a claim for wrongful arrest. In the Complaint, Plaintiff refers to his arrest as an "intimidation arrest," which violated his civil rights, but Plaintiff does not state any details regarding his arrest, including the charges for which he was arrested, nor does he allege that the charges were ultimately dismissed or resolved in his favor. Plaintiff also does not allege that he was arrested without probable cause or that the charges lacked merit. I agree with the Town that, absent allegations regarding these critical elements, Plaintiff's wrongful arrest claim fails as a matter of law.[3] *Brown v. Gilmore*, 278 F.3d 362, 367-68 (4th Cir. 2002).

E. Plaintiff's Claim for Civil Conspiracy against the Town and the NAACP

To the extent that Plaintiff attempts to bring a claim of civil conspiracy against the Town and the NAACP, this claim also fails. To establish a civil conspiracy under 42 U.S.C. § 1985, a plaintiff must allege that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted

---

[3] To the extent that Plaintiff's purported wrongful arrest claim is merely a continuation of his racial discrimination claim, Plaintiff lacks standing to assert such a claim since he acknowledges that he is white, and he refers to the Towns' police department as an "all white" department. Therefore, Plaintiff cannot argue, and he does not even appear to be arguing, that he was the victim of racial discrimination when he was arrested.

-11-

in the deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiffs have a "weighty burden to establish a civil rights conspiracy" and must allege facts that would at least raise an inference "that each member of the alleged conspiracy shared the same conspiratorial objective." *Id.* Here, Plaintiff wholly fails to allege a claim for civil conspiracy against Defendants, as he has neither specifically alleged any plan by the Town and the NAACP to deprive Plaintiff of his civil rights, nor has he alleged that Defendants took any overt action in furtherance of the conspiracy.[4] Therefore, to the extent that Plaintiff purports to bring a claim for civil conspiracy, this claim should be dismissed.

F. Plaintiff's State Law Claims

Finally, to the extent that Plaintiff purports to bring a state law claim for negligent or intentional infliction of emotional distress, or any other state law claim such as a state law claim for civil conspiracy, the court should decline to exercise jurisdiction over these supplemental state law claims. *See* 28 U.S.C. § 1367(c).

---

[4] To the extent that Plaintiff contends that various employees of the Town "conspired" against him, his claim of conspiracy cannot be based on the acts of certain Town employees, as the Town can act only through its employees and cannot conspire with itself. *See Cottom v. Town of Seven Devils*, No. 1:00cv89, 2001 WL 1019410, at *19 (W.D.N.C. June 13, 2001).

CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the motions to dismiss by Defendant Town and the NAACP (docket nos. 6, 10) both be **GRANTED** and that this action be **DISMISSED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

March 10, 2009